**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ERIC D. DREYER, | |
| Plaintiff, | NO. 3:08-cv-1132 |
| v. | (JUDGE CAPUTO) |
| DOUGLAS B. SHEAFFER, et al., | |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court is Defendant Jerry Cesare's motion to dismiss Plaintiff Eric Dreyer's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 7.) Plaintiff brings several claims pursuant to 42 U.S.C. § 1983. For the reasons stated below, the Court will deny Defendant's motion.

As this case is brought pursuant to § 1983, jurisdiction exists under 28 U.S.C. § 1331 ("federal question").

## **BACKGROUND**

The facts alleged in Plaintiff's amended complaint relevant to Defendant Cesare's motion are as follows. On June 16, 2003, Plaintiff was arrested in Patterson, New Jersey for purchasing heroine. He pled guilty and was sentenced to three (3) years probation by a New Jersey state court. (Am. Compl. ¶ 11, Doc. 3.) Because Plaintiff resided in Pennsylvania at the time of his arrest, his probation was transferred to the supervision of the Pennsylvania Board of Probation and Parole in Lackawanna County. (*Id*. ¶ 12.) At the time, his probation supervisor was informed that, due to a medical condition, Plaintiff was prescribed medications containing opiates which were permitted under special conditions

of his probation. (*Id*. ¶¶ 13-14.) On January 9, 2006, Plaintiff was arrested for a probation violation for which he received three (3) additional years probation but no incarceration. (*Id*. ¶¶ 16-17.)

Plaintiff alleges a sequence of harassing conduct towards him between January and June 2006 by several Pennsylvania probation officers, culminating in defendant probation officer Douglas Sheaffer's making a false determination that Plaintiff violated the conditions of his probation by possessing alcohol.[1] (*Id*. ¶¶ 19-26.) Based on this determination, Defendant Sheaffer placed Plaintiff in the "MINSEC Program,"[2] run on behalf of the Lackawanna County Probation Department. (*Id.* ¶ 26.)

While in the MINSEC program, Plaintiff advised defendant Jerry Cesare, a MINSEC counselor, of his medical condition and prescriptions containing opiates. Cesare advised him that the nurse who handled prescriptions was on vacation and to continue taking his medications, but not to bring to them to the MINSEC location until the nurse returned, for fear that other probationers would steal them. (*Id*. ¶ 28.)

On June 15, 2006, Sheaffer falsely alleged that Plaintiff had informed him and the MINSEC program that he was no longer prescribed medication containing opiates but nonetheless submitted a urine sample which tested positive for opiates. (*Id*. ¶ 32.) Based

---

[1] There is some discrepancy in the dates alleged in the amended complaint. Plaintiff first alleges that the defendant probation officers' conduct took place in 2006, then begins referring to the same sequence of events as taking place in 2003. The Court assumes this to be a typographical error and assumes the events took place in 2006, as they would otherwise have occurred before Plaintiff's initial arrest.

[2] Plaintiff does not explain what the MINSEC program is in the amended complaint.

2

on this, Sheaffer falsely alleged that Plaintiff violated the conditions of his probation. (*Id.* ¶ 31.) He made the allegation knowing that the only opiates in Plaintiff's urine were taken lawfully according to his prescription. (*Id.* ¶ 35.) On June 22, 2006, Sheaffer falsely charged that Plaintiff had violated MINSEC rules by possessing drugs and/or alcohol. (*Id.* ¶ 36.) Plaintiff asserts that Scheaffer based his allegations on false information received from Cesare. (*Id.* ¶ 40.)

Sheaffer and another defendant probation officer used the above false allegations to have Plaintiff arrested for probation violations. (*Id.* ¶¶ 37-39.) As a result, Plaintiff was incarcerated for one hundred and thirteen (113) days. (*Id.* ¶ 41.) When he ultimately received a probation violation hearing, the Superior Court of New Jersey found that Plaintiff did not violate his probation as alleged and terminated his remaining probation. (*Id.* ¶ 44.)

Plaintiff filed a complaint against the defendant probation officers on June 12, 2008, alleging several claims under 42 U.S.C. § 1983 for constitutional violations arising from his 2006 false arrest and incarceration. (Doc. 1.) He amended his complaint on July 7, 2008 to include Cesare as a defendant. (Doc. 6.) Defendant probation officers filed an answer to the amended complaint (Doc. 5), while Defendant Cesare filed the present motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 7). The motion to dismiss has been fully briefed and is ripe for disposition.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, Plaintiff has not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1960 (2007), meaning, enough factual allegations "to raise a reasonable expectation that discovery will reveal evidence of" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (per curiam). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court may consider the allegations in the complaint, exhibits attached to the complaint and matters of public record, including judicial proceedings. *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999). The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *Scheuer v. Rhodes,*

416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will ultimately prevail. *Id.* The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

Plaintiff's amended complaint asserts three substantive counts for violations of § 1983, two against all defendants and one against Sheaffer only. Only Counts I and III, against all defendants, are relevant to this motion. Count I alleges a claim for malicious prosecution under § 1983. Count II alleges a violation of the substantive component of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

### I.   Plaintiff's Section 1983 Claims

42 U.S.C. § 1983, provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...."

Thus, to prove a prima facie case under § 1983, a plaintiff must demonstrate: (1) a person deprived him of a federal right, and (2) the person who deprived him of that right acted under color of state law. *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995).

### A.   Under Color of State Law

To act under the color of state law, "the defendant in a § 1983 action [must] have

5

exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Conduct by private actors cannot invoke liability under the statute. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). Here, Plaintiff does not indicate in his amended complaint whether MINSEC is a private or public entity, but notes in his brief that it is "a private community correctional" facility (Pl.'s Br. in Opp'n 11, Doc. 8), raising the question of whether he sufficiently alleges that Cesare, as a MINSEC counselor, acted under color of state law.

While merely private conduct does not invoke the protections of § 1983, a "nominally private" entity may be liable where it "has been delegated a public function by the State." *Benn v. Universal Health Sys., Inc.*, 371 F.3d 165, 171 (3d Cir. 2004) (quoting *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001)).

While Plaintiff does not allege that MINSEC is a state entity, he alleges that it is a program run on behalf of a state entity, the Lackawanna County Probation Department. (Am. Compl. ¶ 26.) He alleges that he was enrolled in the program after being charged with a probation violation and, when charged with a violation of the program's rules, was referred to a state correctional institution. (*Id.* ¶¶ 26, 36-41.) Plaintiff's allegations raise the reasonable inference that MINSEC was delegated institutional probation functions traditionally performed by the state. Indeed, in the corrections context, several courts have held that employees of private companies operating correctional facilities act under color of state law for § 1983 purposes by performing a traditional function of the state. *See, e.g., Rosborough v. Mgmt. & Training Corp.*, 350 F.3d 459 (5th Cir. 2003); *Skelton v. Pri-Cor, Inc.*,

963 F.2d 100, 101-102 (6th Cir. 1991).  While it has not held directly on the issue, the U.S. Supreme Court has suggested the same.  *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71 n.5 (2001) ("state prisoners ... enjoy a right of action against private correctional providers under 42 U.S.C. §1983").  Thus, the Court concludes that Plaintiff has sufficiently alleged that MINSEC, and by extension its employee Cesare, acted under color of state law.

B.     Malicious Prosecution Claim

Count I of Plaintiff's amended complaint asserts a claim for malicious prosecution against all defendants. To prove a malicious prosecution claim under § 1983, a plaintiff must show: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003).

Plaintiffs allegations against Cesare are sufficient to meet these elements.  First, he alleges that defendant parole officers filed parole violation charges and a false arrest report against him, resulting in his incarceration.  He alleges Cesare's involvement in the initiation of these proceedings in that he provided false information on which to base the charges of Plaintiff's probation violation.  Second, Plaintiff alleges that the criminal proceedings ended in his favor when the Superior Court of New Jersey determined that he did not violate his probation as alleged and terminated his remaining probation.  Third, he alleges that defendants lacked probable cause in initiating proceedings against him because they knew he did not in fact commit any parole violations.  *See id.* at 514 (probable cause exists when

7

facts and circumstances warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested). As to the fourth element, Plaintiff makes no specific factual allegations that Cesare acted with malice, but does allege that he provided false information to probation officers on which to base the probation violation charges. If proved, a reasonable jury may infer from this a purpose other than bringing Plaintiff to justice. Finally, Plaintiff alleged he was incarcerated for one hundred and thirteen (113) days as a result of defendants false charges, which certainly constitutes a seizure within the meaning of the Fourth Amendment. *See Terry v. Ohio*, 392 U.S. 1, 16 (1968) ("whenever a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person"). The Court finds Plaintiff has stated a malicious prosecution claim against Cesare.

### C.   Fourteenth Amendment Claim

Count III of Plaintiff's amended complaint asserts a claim for deprivation of rights guaranteed by the Fourteenth Amendment. The Court interprets this Count to assert a claim for violation of the substantive component of the Fourteenth Amendment's Due Process Clause. "[T]he substantive due process guarantee protects against governmental power arbitrarily and oppressively exercised." *County of Sacramento v. Lewis*, 523 U.S. 833, 846, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998). The U.S. Supreme Court has explained that executive abuse of power violates substantive due process rights when the behavior "shocks the conscience." *Id*. at 846. The Court stated that "conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." *Id*. at 849.

Plaintiff makes sufficient allegations against Cesare to survive a motion to dismiss on

this Count. As discussed above, Cesare, as an employee of MINSEC, exercised government power delegated to MINSEC by the Lackawanna County Probation Department.[3] Further, Plaintiff alleges that Cesare, knowing Plaintiff was properly prescribed opiate-containing medications, advised him to continue taking them but later provided false information to probation officers on Plaintiff's compliance with MINSEC rules. If these allegations are proved, a reasonable jury could find the Cesare acted with an intent to injure Plaintiff without a justifiable government interest. Therefore, the Court finds Plaintiff has stated a substantive due process claim against Cesare.

### II.    Statute of Limitations Defense

Cesare argues in his reply brief that Plaintiff's claims against him should be dismissed as barred by the statute of limitations because Plaintiff is not entitled to application of Federal Rule of Civil Procedure 15(c), articulating the circumstances under which an amendment of a pleading relates back to the date of the original pleading. (Reply Br. in Supp. 4-8, Doc. 10.) As it was raised for the first time in Cesare's reply brief, the Court will not address this argument. *See In re Surrick*, 338 F.3d 224, 237 (3d Cir. 2003) (refusing to consider argument raised for the first time in reply brief on appeal); *Nursery Supplies v. Lerio Corp.*, No. 95-cv-1107, 1997 U.S. Dist. LEXIS 21999 (M.D. Pa. Sept. 19, 1997) (Caldwell, J.) ("we do not consider arguments raised for the first time in reply briefs").

---

[3] The state action requirement of the Fourteenth Amendment and the "under color of law" inquiry under § 1983 involve the same analysis. *See Brentwood Acad.*, 531 U.S. at 295 n. 2 ("If a defendant's conduct satisfies the state-action requirement of the Fourteenth Amendment, the conduct also constitutes action 'under color of state law' for § 1983 purposes.") The government function doctrine applied above in the § 1983 context applies equally to the state action context. *See, e.g., Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 627-28 (1991).

**CONCLUSION**

Because Plaintiff sufficiently alleges a claims under § 1983 for malicious prosecution and violation of the Fourteenth Amendment Due Process Clause, the Court will deny Defendant Cesare's motion to dismiss Plaintiff's amended complaint (Doc. 7).

An appropriate Order follows.


January 29, 2009                                              /s/ A. Richard Caputo
Date                                                                   A. Richard Caputo
                                                                           United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC D. DREYER, | |
| Plaintiff, | NO. 3:08-cv-1132 |
| v. | (JUDGE CAPUTO) |
| DOUGLAS B. SHEAFFER, et al.,, | |
| Defendants. | |

## ORDER

**NOW**, this  29th  day of January, 2009, **IT IS HEREBY ORDERED** that Defendant Jerry Cesare's motion to dismiss Plaintiff Eric Dreyer's amended complaint (Doc. 7) is **DENIED.**

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge