**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ERIC D. DREYER,

    Plaintiff,

       v.

DOUGLAS B. SHEAFFER, et al.,

    Defendants.

NO. 3:08-CV-1132

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Defendant Jerry Cesare's Motion for Reconsideration (Doc. 12) of this Court's January 29, 2009 Memorandum and Order denying his motion to dismiss Plaintiff Eric D. Dreyer's amended complaint (Doc. 11).  For the reasons stated below, the Court will deny Cesare's motion.

## BACKGROUND

The facts alleged in Plaintiff's amended complaint relevant to Defendant Cesare's motion are as follows.  On June 16, 2003, Plaintiff was arrested in Patterson, New Jersey for purchasing heroine.  He pled guilty and was sentenced to three (3) years probation by a New Jersey state court.  (Am. Compl. ¶ 11, Doc. 3.)  Because Plaintiff resided in Pennsylvania at the time of his arrest, his probation was transferred to the supervision of the Pennsylvania Board of Probation and Parole in Lackawanna County.  (*Id*. ¶ 12.) At the time, his probation supervisor was informed that, due to a medical condition, Plaintiff was prescribed medications containing opiates which were permitted under special conditions of his probation.  (*Id*. ¶¶ 13-14.)  On January 9, 2006, Plaintiff was arrested for a probation

violation for which he received three (3) additional years probation but no incarceration.  (*Id.* ¶¶ 16-17.)

Plaintiff alleges a sequence of harassing conduct towards him between January and June 2006 by several Pennsylvania probation officers, culminating in defendant probation officer Douglas Sheaffer's making a false determination that Plaintiff violated the conditions of his probation by possessing alcohol.[1]  (*Id.* ¶¶ 19-26.)  Based on this determination, Sheaffer placed Plaintiff in the "MINSEC Program,"[2] run on behalf of the Lackawanna County Probation Department.  (*Id.* ¶ 26.)

While in the MINSEC program, Plaintiff advised defendant Jerry Cesare, a MINSEC counselor, of his medical condition and prescriptions containing opiates.  Cesare advised him that the nurse who handled prescriptions was on vacation and to continue taking his medications, but not to bring to them to the MINSEC location until the nurse returned, for fear that other probationers would steal them.  (*Id.* ¶ 28.)

On June 15, 2006, Sheaffer falsely alleged that Plaintiff had informed him and the MINSEC program that he was no longer prescribed medication containing opiates but nonetheless submitted a urine sample which tested positive for opiates.  (*Id.* ¶ 32.)  Based on this, Sheaffer falsely alleged that Plaintiff violated the conditions of his probation.  (*Id.* ¶

---

[1]     There is some discrepancy in the dates alleged in the amended complaint.  Plaintiff first alleges that the defendant probation officers' conduct took place in 2006, then begins referring to the same sequence of events as taking place in 2003.  The Court assumes this to be a typographical error and assumes the events took place in 2006, as they would otherwise have occurred before Plaintiff's initial arrest for probation violation.

[2]     Plaintiff does not explain what the MINSEC program is in the amended complaint.

31.)  He made the allegation knowing that the only opiates in Plaintiff's urine were taken lawfully according to his prescription.  (*Id*. ¶ 35.)  On June 22, 2006, Sheaffer falsely charged that Plaintiff had violated MINSEC rules by possessing drugs and/or alcohol.  (*Id*. ¶ 36.) Plaintiff asserts that Scheaffer based his allegations on false information received from Cesare.  (*Id*. ¶ 40.)

Sheaffer and another defendant probation officer used the above false allegations to have Plaintiff arrested for probation violations.  (*Id*. ¶¶ 37-39.)  As a result, Plaintiff was incarcerated for one hundred and thirteen (113) days.  (*Id*. ¶ 41.)  When he ultimately received a probation violation hearing, the Superior Court of New Jersey found that Plaintiff did not violate his probation as alleged and terminated his remaining probation. (*Id*. ¶ 44.)

On June 12, 2008, Plaintiff filed a complaint alleging several claims under 42 U.S.C. § 1983 against Defendants Douglas Sheaffer, Chris Taylor, Michael Novak, Donald Welch, and Does 1 through 5.  (Doc. 1.)  On July 7, 2008, before any party submitted a responsive pleading or motion, Plaintiff filed an amended complaint adding Jerry Cesare as a Defendant.  (Doc. 3.)  Defendant Cesare filed a motion to dismiss on October 21, 2008. (Doc. 7.)  Plaintiff filed a brief in opposition to the motion and Cesare submitted a brief in reply.  (Docs. 8, 10.)  On January 29, 2009 this Court issued a Memorandum and Order denying the motion to dismiss.  (Doc. 11.)  Defendant Cesare subsequently filed the present motion asking the court to reconsider its January 29 denial of his motion to dismiss. (Doc. 12.)  This motion has been fully briefed and is ripe for disposition.  (Docs. 13, 16, 19.)

**LEGAL STANDARD**

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry. FED. R. CIV. P. 59(e). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (McClure, J.). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 U.S. Dist. LEXIS 18531, at *7 (M.D. Pa. Mar. 3, 2006) (Kane, J.). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

## DISCUSSION

Cesare argues that reconsideration should be granted to prevent a clear error of law or prevent manifest injustice.  He argues that the Court incorrectly concluded he waived his argument that Plaintiff's claims against him are barred by the applicable statute of limitations by raising it for the first time in a reply brief.  In its January 29 Memorandum, the Court ruled:

> Cesare argues in his reply brief that Plaintiff's claims against him should be dismissed as barred by the statute of limitations because Plaintiff is not entitled to application of Federal Rule of Civil Procedure 15(c), articulating the circumstances under which an amendment of a pleading relates back to the date of the original pleading ... As it was raised for the first time in Cesare's reply brief, the Court will not address this argument.

*Dreyer v. Sheaffer*, No. 08-cv-1132, slip op. at 9 (M.D. Pa. Jan. 29, 2009) (Caputo, J.).

Cesare argues that his statute of limitations argument was stated in his initial brief in support of his motion to dismiss.  He points to a two (2) sentence paragraph at the end of the brief reading as follows:

### C.   Statute of Limitations

> According to the Complaint the Plaintiff was in the MinSec program in "June 2003" and the probation violation occurred in June 2006.  The Court should dismiss the Complaint if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations.

(Def.'s Mem. of Law in Supp. of Mot. 3, Doc. 7.)[3]

Plaintiff did not respond to this argument directly in his brief in opposition, but argued that he alleged sufficient facts to withstand a motion to dismiss.  Cesare's brief in reply

---

[3]   As noted above, the Court assumes Plaintiff's reference to "June 2003" to be a typographical error intended to refer to 2006.

concentrated solely on the argument that Plaintiff was barred by the statute of limitations.

He argued that, based on the allegations in the amended complaint, any conduct on his part

took place before June 22, 2006.  Because the amended complaint making him party to the

suit was filed on July 7, 2008, Cesare argued the claims fall outside the applicable two (2)

year limitations period.[4]  Finally, he argued Plaintiff is not entitled to apply the June 12, 2008

filing date of his original complaint to the amended pleading under Rule 15(c), which governs

the circumstances under which an amendment of a pleading relates back to the date of the

original pleading.[5]

---

[4]     The statute of limitations for a § 1983 suit in Pennsylvania is two (2)
        years.  *Lake v. Arnold*, 232 F.3d 360, 368-69 (3d Cir. 2000).

[5]     Federal Rule of Civil Procedure 15(c) provides:

        (1) *When an Amendment Relates Back*. An amendment to a pleading
        relates back to the date of the original pleading when:

              (A) the law that provides the applicable statute of limitations allows
              relation back;

              (B) the amendment asserts a claim or defense that arose out of the
              conduct, transaction, or occurrence set out--or attempted to be set
              out--in the original pleading; or

              (C) the amendment changes the party or the naming of the party
              against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied
              and if, within the period provided by Rule 4(m) for serving the
              summons and complaint, the party to be brought in by amendment:

                    (i) received such notice of the action that it will not be
                    prejudiced in defending on the merits; and

                    (ii) knew or should have known that the action would have
                    been brought against it, but for a mistake concerning the
                    proper party's identity.

The brief paragraph in Cesare's initial brief can charitably be interpreted as arguing that Plaintiff's allegations show no set of facts in which the claims against Cesare are not barred by the applicable statute of limitations.  The Court agrees with Cesare that this statute of limitations argument was raised in the initial brief and not waived.  The Court may well have erred in failing to address directly why it provides an insufficient basis on which to grant a 12(b)(6) motion.  A motion to dismiss pursuant to Rule 12(b)(6) places the burden on the defendant to show that the plaintiff's allegations are insufficient to state a claim upon which relief may be granted.  *Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).  However, Ceseare's own reply brief highlights a factual scenario in which Plaintiff's claims would not be barred by the statute of limitations, namely, if Cesare's allegedly harmful conduct took place between June 12 and June 22, 2006 and, contrary to his position, Plaintiff *is* entitled to application of Rule 15(c)'s relation back provision to his amended complaint.  It is clear that Cesare did not meet his burden to grant a motion to dismiss on statute of limitations grounds raised in his initial brief.

The Court did not err in refusing to consider Cesare's argument on Rule 15(c)'s relation back provisions because it was not raised in his initial brief.  The reply brief presented for the first time a substantive discussion of Rule 15(c) caselaw and its application to the allegations in the amended complaint.  Plaintiff was provided no opportunity to respond to Cesare's interpretation and application of the Rule.  As the Court ruled in its January 29 Memorandum, a district court need not address issues raised for the first time in a reply brief.  *United States v. Martin*, 454 F. Supp. 2d 278, 281 n. 3 (E.D. Pa. 2006); *Nursery Supplies v. Lerio Corp.*, No. 95-cv-1107, 1997 U.S. Dist. LEXIS 21999, at *12 (M.D.

7

Pa. Sept. 19, 1997) (Caldwell, J.). "A reply brief is intended only to provide an opportunity to respond to the arguments raised in the response brief; it is not intended as a forum to raise new issues." *Martin*, 454 F. Supp. 2d at 281 n. 3. Therefore, the Court declines to grant Cesare's motion for reconsideration on grounds of clear error of law.

Additionally, denying Cesare's motion will not cause manifest injustice. He is free to raise his arguments at the summary judgment stage with the benefit of greater factual development.

## CONCLUSION

For the reasons stated above, the Court will deny Defendant Jerry Cesare's Motion for Reconsideration (Doc. 12) of this Court's January 29, 2009 Memorandum and Order denying his motion to dismiss Plaintiff Eric D. Dreyer's amended complaint (Doc. 11).

An appropriate Order follows.

April 2, 2009                       /s/ A. Richard Caputo
Date                                         A. Richard Caputo
                                              United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ERIC D. DREYER,

     Plaintiff,

         v.

DOUGLAS B. SHEAFFER, et al.,

     Defendants.

CASE NO. 3:08-CV-1132

(JUDGE CAPUTO)

## ORDER

    **NOW**, this __2nd__ day of April, 2009 **IT IS HEREBY ORDERED** that Defendant Jerry Cesare's Motion for Reconsideration (Doc. 12) is **DENIED.**


                      /s/ A. Richard Caputo
                      A. Richard Caputo
                      United States District Judge